IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

**GENERAL GEOFFREY WILLIAMS,**        )
                                      )
    **Plaintiff,**                     )
                                      )
v.                                    )        No. 15-2293-JDT-tmp
                                      )
**ALPHA OMEGA VETERANS SERVICES,**    )
**INC., CORDELL WALKER, ROBERT**      )
**PORTER and HAVIE McMULLEN,**        )
                                      )
    **Defendants.**                    )
_____

# REPORT AND RECOMMENDATION
_____

On May 1, 2015, plaintiff General Geoffrey Williams, a resident of Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) In an order issued on May 4, 2015, the court granted leave to proceed *in forma pauperis*.[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. For the reasons below, it is recommended that the complaint be

---

[1]The Clerk shall record the defendants as Alpha Omega Veterans Services, Inc., Cordell Walker, Robert Porter, and Havie McMullen.

dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The following allegations are taken verbatim from Williams's *pro se* complaint:

> On or around March 24, 2014, Robert Porter told [plaintiff] that I looked and acted like a woman; and, further stated, Pick you a man or I will make you leave Alpha Omega and you must have sex with this man or one of these men at Alpha Omega. Further, Havie McMullen also stated, "I General Williams must have sex with other residents" other persons involved.
>
> On or around March 24/28th, 2014 the act of discrimination occurred at 2234 Ball Road, #8-3, Memphis, TN 38114 by Robert Porter. The next discrimination occurred at 2226 Ball Road, Memphis, TN 38114 in the office of Havie McMullen, on or about 8-29-2013, by Havie McMullen.

(ECF No. 1.) The complaint seeks an unspecified amount of damages, injunctive relief, and attorney's fees.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

(i)   is frivolous or malicious;
(ii)  fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as

-2-

stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent "standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of

Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

The complaint contains only a single cause of action brought under 42 U.S.C. § 1983. To state a claim under § 1983,[2] a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). Williams's complaint does not allege that Alpha Omega Veterans Services, Inc., Cordell Walker, Robert Porter, or Havie McMullen acted under color of state law. "A § 1983 plaintiff may not sue purely private parties." Brotherton v. Cleveland, 173 F.3d 552, 567 (6th Cir. 1999). Thus, "[i]n order to be subject to suit under § 1983, [a] defendant's actions must be fairly attributable to the state." Collyer v. Darling, 98 F.3d 211, 231-32 (6th Cir. 1997). Because Alpha Omega Veteran Services,

---

[2]Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Inc., Cordell Walker, Robert Porter and Havie McMullen are private parties, Williams cannot bring a § 1983 claim against them.[3] As the complaint fails to state a claim upon which relief may be granted, the complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[4]

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

May 5, 2015
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**

---

[3] According to its website, Alpha Omega Veterans Services is a 501(c)(3) non-profit charitable organization headquartered in Memphis, Tennessee, that assists military veterans with reintegrating into society after achieving recovery and rehabilitation from debilitating mental and physical conditions.

[4] To the extent plaintiff may have a state law claim against the defendants, the court lacks diversity jurisdiction because the parties are not completely diverse and the amount in controversy has not been met. See 28 U.S.C. § 1332(a).